# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-24-HAB |
| | ) | |
| ANTHONY HENDERSON | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion in Limine (ECF No. 80), filed on December 27, 2019. In his three-paragraph motion, Defendant asks the Court to "enter an order in limine excluding any and all evidence of a crime, wrong, or other act pursuant to U.S.C.S. Federal Rule 404(B) as to the Defendant." (*Id*. at 1). For the reasons set forth below, the Motion in Limine will be denied.

District courts may rule on motions in limine pursuant to their authority to manage trials, even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). District judges have broad discretion in ruling on motions in limine. *Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002). However, evidence may be excluded only when inadmissible on all potential grounds. *Hawthorne Partners v. AT & T Techs., Inc*., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Otherwise, rulings should be deferred to the time of trial to make possible the resolution of questions of relevancy, foundation, and potential prejudice. *Id*. A denied motion in limine does not automatically mean that all evidence contested in the motion will be admitted at trial. *Id*. at 1401. In fact, trial judges are free to alter previous in limine rulings, within the bounds of sound judicial discretion. *Luce*, 469 U.S. at 41–42.

The party moving to exclude evidence in limine has the burden of establishing that the evidence is not admissible for any purpose. *United States v. Lillie*, 669 F. Supp. 2d 903, 905 (N.D. Ill. 2009). Accordingly, a motion that fails to identify specific evidence sought to be excluded fails to properly raise the issue of admissibility pre-trial. *United States v. Marr*, 760 F.3d 733, 740 (7th Cir. 2014). Moreover, the admissibility of evidence of crimes, wrongs, or other acts is, generally, more appropriately determined in the course of the trial. *United States v. Azzarelli Const. Co.*, 459 F. Supp. 146, 153 (E.D. Ill. 1978).

Defendant's Motion plainly fails to meet his burden. Defendant does not identify any specific crime, evidence, or other act sought to be excluded under Fed. R. Evid. 404(b). The Court, then, has no ability to make an informed determination as to the potential admissibility of any such evidence. Moreover, such evidence is admissible if the prosecutor: (1) offered it for a purpose other than propensity, (2) it was similar and close enough in time to be relevant to the matter at issue, (3) it was supported by sufficient preliminary evidence for a jury to find that the defendant committed the prior act, and (4) it had a probative value that was not substantially outweighed by the danger of unfair prejudice, as required by Fed. R. Evid. 403. *United States v. Gulley*, 722 F.3d 901, 906 (7th Cir. 2013). There are purposes for which evidence of prior crimes, wrongs, or other acts would be admissible in Defendant's trial and his Motion in Limine must be denied.

For the foregoing reasons, Defendant's Motion in Limine (ECF No. 80) is DENIED.

SO ORDERED on December 30, 2019.

                                                s/ Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT